UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | :   Criminal No. 1:06-CR-00079-CKK |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| RICARDO HENRY, | : |
| Defendant | : |

**JOINT MOTION FOR ORDER EXCLUDING TIME UNDER SPEEDY TRIAL ACT,
AND CORRECTING MINUTE ENTRY OF JUNE 20, 2006**

Pursuant to Title 18, United States Code, Sections 3161(h)(8)(A), (B)(ii), and B(iv), the United States of America, by and through its undersigned attorneys, hereby moves to exclude time in the calculation of a speedy trial date in the above-captioned case, as well as to correct a typographical error in the Minute Entry of June 20, 2006.  Defendant joins in this motion.

Because adequate preparation for trial cannot reasonably be expected prior to the speedy trial date, selection of a trial date outside the strict time limits of the Speedy Trial Act ("the Act") would serve the ends of justice and outweigh the interest of the parties and the public in a speedy trial within the meaning of the Act.  The Act directs the Court to consider the following non-exhaustive list of factors when deciding whether the interests of justice warrant excluding time in selecting a trial date:

> Whether the case is so unusual, or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

18 U.S.C. § 3161(h)(8)(B)(ii). In addition, the Court may consider the following:

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv).

At the status hearing on June 20, 2006, the Court set a motions calendar and status hearing with the consent of both parties. The Court set September 26, 2006 for a motions deadline. Moreover, defendant agreed to waive asserting his right to a speedy trial under the Act for the periods between June 5, 2006[1] and September 26, 2006. Defendant is on release and the government will not be prejudiced by the proposed schedule. However, the Court did not explicitly make an ends-of-justice exclusion under the Act. In light of Zedner v. United States, __ U.S. __, 126 S. Ct. 1926 (June 5, 2006), the parties move to exclude time under the Act to serve the ends of justice. The parties note, as did the Court, that the discovery includes voluminous records and the motions hearings require additional time for effective presentation. Accordingly, the parties move to exclude the time between June 5, 2006, and the status hearing scheduled on September 26, 2006.

The Docket's Minute Entry for June 20, 2006 states that defendant waived his speedy trial rights for the periods of 5/6/2006 to 6/20/2006 and 6/20/2006 to 9/26/2006. The parties agree that 5/6/2006 is a typographical error, and should be replaced by 6/5/2006. The

---

[1] Motions were originally due on June 5, 2006, but prior to that date, defendant obtained new counsel and moved the Court to vacate the previous motions deadline. In his motion to vacate, defendant waived his rights under the Act.

parties move the Court to correct the Minute Entry accordingly.

## CONCLUSION

For the foregoing reasons, the ends of justice outweigh the interests of the parties and the public in a speedy trial. Therefore, the Court should grant this motion to exclude time. The Court should also correct the Minute Entry.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney

BY:    THOMAS E. ZENO, D.C. Bar. No. 348623
        Assistant United States Attorney
        Fraud & Public Corruption Section
        555 4th St., N.W.
        Washington, D.C. 20530
        (202) 514-6957

BY:    GLEN DONATH, D.C. Bar No. 460582
        Assistant United States Attorney
        Fraud & Public Corruption Section
        555 4th St., N.W.
        Washington, D.C. 20530
        (202) 514-9555

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 29, 2006, I caused a copy of the foregoing document to be served by electronic filing upon:

      Kathleen A. Dolan
      8601 Georgia Avenue
      Suite 910
      Silver Spring, MD 20910

_____
Glen Donath
Assistant United States Attorney