UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| | :  Criminal No. 1:06-CR-00079-CKK |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| **RICARDO HENRY,** | : |
|          **Defendant** | : |

### JOINT MOTION FOR ORDER EXCLUDING TIME UNDER SPEEDY TRIAL ACT

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, and the defendant, through his counsel, hereby submit a proposed Order to exclude time in the calculation of a speedy trial date in the above-captioned case.

Because adequate preparation for trial cannot reasonably be expected prior to the speedy trial date, selection of a trial date outside the strict time limits of the Speedy Trial Act ("the Act") would serve the ends of justice and outweigh the interest of the parties and the public in a speedy trial within the meaning of the Act. The Act directs the Court to consider the following non-exhaustive list of factors when deciding whether the interests of justice warrant excluding time in selecting a trial date:

> Whether the case is so unusual, or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

18 U.S.C. § 3161(h)(8)(B)(ii). In addition, the Court may consider the following:

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the

defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv).

The proposed Order conforms with the exclusions already requested by the parties and granted by the Court, and is in accordance with the recent decision of <u>Zedner v. United States</u>, __ U.S. __, 126 S. Ct. 1926 (June 5, 2006).

          Respectfully submitted,

          KENNETH L. WAINSTEIN
          United States Attorney


BY:    THOMAS E. ZENO, D.C. Bar. No. 348623
          Assistant United States Attorney
          Fraud & Public Corruption Section
          555 4th St., N.W.
          Washington, D.C. 20530
          (202) 514-6957


BY:    GLEN DONATH, D.C. Bar No. 460582
          Assistant United States Attorney
          Fraud & Public Corruption Section
          555 4th St., N.W.
          Washington, D.C. 20530
          (202) 514-9555

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2006, I caused a copy of the foregoing document to be served by electronic filing upon:

>Kathleen A. Dolan
>8601 Georgia Avenue
>Suite 910
>Silver Spring, MD 20910

_____
Glen Donath
Assistant United States Attorney