UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA    :

    v.    :    1:06cr00079
                                              (CKK)

**RICARDO HENRY,**    :

    **Defendant.**    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**JOINT STATUS REPORT**

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, and the defendant, through counsel, Kathleen Dolan, hereby submit this joint status report.

**DEFENSE SUBMISSION:**

**Procedural Posture**

At this point, there is a superseding indictment which came down roughly 1 month after the original indictment. The initial indictment was issued on March 28, 2006, and covers acts from 1999 through 2002. The superseding indictment, filed May 30, 2006, incorporates a totally separate bankruptcy which was filed August 25, 2005. Additionally, the United States indicates through conversation yesterday, that it will be seeking a second superseding indictment as of tomorrow, October 5, 2006.

**Trial**

The defense is more than amenable to any course of action which does not compromise her client's constitutional rights, is in the interest of judicial economy, and will assist a jury in seeking the truth without getting lost in paperwork. The defense is willing to

stipulate to the authenticity of records while not stipulating to their admissibility.

It is the defense's position that there are two, distinct cases tied up in one here -- with another 2 counts pending by superseding indictment tomorrow (for the bankruptcy). Moreover, the original indictment in this matter charges repetitive counts (many of them) times only 6 or 7 patients. It is the defense's position that rather than cleanly charging provable offenses that the government has thrown everything but the kitchen sink into the 62-count original indictment hoping that something will stick with the jury under the "where there's smoke there's fire" theory.

### **Defense's Proposal in the Interest of Judicial Economy**

The defendant, through counsel, will be filing a Motion to Sever the Bankruptcy Fraud counts from the Healthcare Fraud Counts. Should the Court grant this motion, it would create two, separate trials -- one with 62+ counts (the Healthcare Fraud case) and one with 8+ counts (the Bankruptcy Fraud count). Moreover, the Government has indicated that there would be upwards of 30 witnesses and take roughly 15 days to try the Healthcare Fraud matter with the Bankruptcy Fraud. This joint trial would incorporate, according to the Government, roughly 4500 documents from which evidence may be derived (including 45 boxes of evidence which has not been "copied" by the Government but is available for review by the Defense in D.C.); whereas the Bankruptcy, alone, would only incorporate roughly 100 out of 1339 documents and 8 counts. (Counsel is unsure of how many witnesses in the Bankruptcy Fraud case but cannot imagine it would be more than 2 or 3.)

Additionally, after speaking at great lengths with Mr. Zeno about these matters, it is his position that he has the option of choosing which matter would go first, should this Court grant the Motion to Sever. He further indicates that should the Court grant the Motion to Sever

that he would lead with his "strongest" case, the Bankruptcy case.  Moreover, he has given indication that should he receive a conviction in the Bankruptcy case that he <u>may</u> not proceed on the Healthcare Fraud case.

Thus, it would be the defense's sincere and procedurally economic proposal that this Court focus initially on defendant's Motion to Sever.  Put defendant on a very short turn-around to file the motion, receive the response, and either have a hearing or rule on the paper.  For if the Motion is granted, it would obviate the need for the parties to file and this Court to entertain upwards of 10 motions concerning the Healthcare Fraud case -- be they substantive or <u>in</u> <u>limine</u> -- since there may never be a healthcare fraud trial.

Undersigned counsel made this proposal to Mr. Zeno and Mr. Donath but they would not "consent" to the proposal.

This case has only been in the system since the end of March; and it is understood that a second superseding indictment is imminent.  The Government indicates that "almost" all discovery has been served.  Mr. Henry would be willing to waive any Speedy Trial Act rights associated with this Court determining whether or not the Motion to Sever should be granted and we could re-toll the days once this Court Rules on that Motion.

**Pretrial Motions:**

As stated above, it is respectfully requested that the defense file the following motion forthwith; and that all other matters be held in abeyance pending this Court's ruling on the motion:

**Dispositive Motion:**

**Motion to Sever Healthcare Counts from Bankruptcy Counts**

If the Court denies that Motion, the following Motions will be necessary in the

Healthcare Fraud aspect of the case:

### Substantive Motions

Motion to Dismiss based on Pre-Accusatory Delay <u>United States v. Marion</u>

Motion to Dismiss Counts for Improper Joinder

Motion for Production of Grand Jury Transcripts

Motion for Bill of Particulars

### Motion in Limine[1]

To prevent the Government from admitting evidence that defendant undertook "fraudulent" behavior, like having people call him "doctor."

### Defendant's Proposed Course of Action for the Court

As indicated above, it is respectfully requested that this Court set a very short date -- like 30 days -- within which the defense files its Motion to Sever Counts; give the Government an appropriate time to respond; and then once the Court Rules, set a status for trial dates. It should be noted that if the Motion to Sever is granted, and the Government chooses to try the Bankruptcy Fraud case first, the next step would be a trial date for only 2 or 3 days.

**GOVERNMENT SUBMISSION:**

### Procedural Posture

The government anticipates that on October 5, 2006, the grand jury will return a Second Superseding Indictment that will add additional counts, including three new charges of money laundering. Contrary to defendant's assertion, the additional charges do not relate solely

---

[1] As to the governments motions in limine, it should be noted that all of these Government motions pertain solely to the Healthcare Fraud counts in the case; and also that defendant has yet to be provided with a copy of the tape referred to in the government's motion.

to the bankruptcy allegations. Rather, one of the new money laundering charges specifically sets forth health care fraud as the specified unlawful activity.

### Motions Schedule

The government believes that the Court should set one motions schedule rather than two, as defendant suggests. As defendant notes, the original indictment was returned in March 2006, and the government believes that the interests of justice and efficiency are best served by resolving all motions together at once and proceeding toward trial expeditiously. Contrary to defendant's suggestion, the government's strongest case is the current indictment. The government submits that the charges are properly joined, particularly in light of the new money laundering charges, and that the interests of efficiency strongly militate in favor of a single trial on the entire indictment rather than separate trials. The bankruptcy allegations are not "totally separate" as defendant states, but rather are inextricably intertwined with the health-care fraud charges.[2]

Regarding the nature and strength of the health care fraud charges, the government asserts that it carefully selected the indicted counts from literally thousands of possible charges. The charges are hardly the hodge-podge defendant fears; they are precisely grouped by category, date, and patient. The government intends to prove all 62 indicted counts beyond a reasonable doubt.

The government disagrees with defendant's characterization of the nature and

---

[2] Defendant's Porsche 911 Carrera, by far the largest proceed of the health-care fraud, was purchased with over $100,000 that was mostly obtained from the health-care fraud. In addition, the Porsche lies at the core of the bankruptcy fraud allegations. The indictment alleges that defendant fraudulently concealed the Porsche from the Bankruptcy Court by registering it in New York in his brother's name, and then registering it in the District of Columbia in his own name several months after declaring bankruptcy. The government intends to introduce both the health-care and bankruptcy components of the Porsche conduct even if the respective counts are severed.

length of a hypothetical trial on the bankruptcy charges alone. A separate bankruptcy trial would involve well over a dozen witnesses. There hardly would be considerable time saved by holding a separate bankruptcy trial, as substantial evidence of the health care fraud would be introduced in a bankruptcy fraud trial, and vice-versa. While the scope of discovery in the overall case amounts to approximately 4,500 documents, the number of exhibits that the government would seek to introduce at trial on the indictment would be a small fraction of that number. As the government believes a separate bankruptcy trial alone would involve at least 100 government exhibits, the government reiterates that a single trial on the indictment would be the most efficient course.

### Trial

The Government may call up to 30 witnesses in its case in chief. The government estimates that the trial could last up to 15 days. The government anticipates being able to reduce the number of witnesses and the length of trial through stipulations about chain of custody, and certified business records. The defendant seems ready to accept this approach. The government anticipates that the length of trial might be reduced to as few as 10 days. Of course, the government can only estimate the length of cross-examination.

### Pretrial Motions:

The government plans to file motions: 1) To authenticate business records under Fed. R. Evid. 901; (2) To explain the admissibility of actions throughout the entirety of the health care scheme from 1999 to 2002.

### In Limine Motions:

The government anticipates filing motions (1) to limit argument and testimony regarding the defendant's belief that the government persecuted him and compelled him into

bankruptcy; and 2) to permit the use of defendant's tape recorded statements to cross-examine the defendant, should he testify. It is therefore not correct, as defendant argues, that all of the government's motions relate to the health-care fraud allegations.

                              Respectfully Submitted,

                              JEFFREY A. TAYLOR
                              United States Attorney

                              _____
BY:   THOMAS E. ZENO, D.C. Bar. No. 348623
       Assistant United States Attorney
       Fraud & Public Corruption Section
       555 4th St., N.W.
       Washington, D.C. 20530
       (202) 514-6957

                              _____
BY:   GLEN DONATH, D.C. Bar No. 460582
       Assistant United States Attorney
       Fraud & Public Corruption Section
       555 4th St., N.W.
       Washington, D.C. 20530
       (202) 514-9555