

U.S. Department of Justice

United States Attorney

District of Columbia

**FILED**

DEC 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*
December 8, 2006

Kathleen Anne Dolan, Esquire
Kennedy & Dolan
8601 Georgia Avenue
Suite 910
Silver Spring, MD 20910-3440

06cr79

Re:   Ricardo Henry

Dear Ms. Dolan:

This letter sets forth the full and complete plea offer to your client, Mr. Ricardo Henry and consists of 15 sections. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia ("Office"). Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are set forth below.

This plea offer will expire unless Mr. Henry enters a plea of guilty at the hearing now set before the Court at 3:00 p.m. on December 12, 2006. The terms of this plea offer will not be repeated.

1. Mr. Henry agrees to plead guilty to count two of the Indictment charging a violation of Title 18, United States Code, Section 1035 (false statements relating to health care matters). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Henry and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Henry agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Henry's actions and involvement in the fraud scheme. It is anticipated that during the Rule 11 plea hearing, Mr. Henry will adopt and sign the attached Statement of the Offense as a written proffer of evidence. The government will move to dismiss the remaining counts of the Indictment at sentencing. Mr. Henry agrees that the counts to be dismissed at the time of sentencing were based in fact and would not provide a basis for any future claims under the "Hyde Amendment," 28 U.S.C. § 2412, and thus, specifically agrees not to file any claim under that law.

2. Mr. Henry understands that the maximum sentence that can be imposed is 5 years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Henry understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2000) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Henry understands that this sentence, including the applicable sentencing guidelines range will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Mr. Henry further understands that if the Court imposes a sentence that is in any way unsatisfactory to him, he cannot move to withdraw his guilty plea.

3. The parties agree that the following Guideline sections apply:

§ 2F1.1

| | | |
|---|---|---|
| (a) | Base Offense Level | 6 |
| (b)(2) | more than minimal planning | 2 |
| (b)(8) | bankruptcy misrepresentations | 2 |
| | SUBTOTAL | 10 |

Mr. Henry does not dispute the government's proffer of evidence that the loss for purposes of the Sentencing Guidelines exceeds $350,000. Accordingly, this increase applies:

§ 2F1.1

| | | |
|---|---|---|
| (b)(1)(J) | loss more than $350,000 | 9 |
| | TOTAL | 19 |

Otherwise, the parties retain the right to argue the applicability of any increases or decreases in offense levels. Specifically, the government will contend that a 2 level increase applies pursuant to § 3C1.1 for obstruction of justice. Mr. Henry may take whatever position he wishes regarding this contention.

In the event that this plea offer either is not accepted by Mr. Henry or is accepted by Mr. Henry but the guilty plea either is rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government agrees that the sentence to be imposed in this case will not exceed 27 months' imprisonment. The Government retains the right to request a sentence up to the maximum sentence of 27 months incarceration. Mr. Henry has the right to request a sentence as low as probation. The parties understand that the resulting sentence may be either higher or lower than the Sentencing Guidelines range as calculated by the United States Probation Office. Nevertheless, the parties agree that they will recommend to the Court that, pursuant to Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept the agreed-upon sentencing limitation. If the Court accepts this condition, then the agreed disposition will be included in the judgment pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure. The parties understand, however, that, in light of other factors, the Court may not agree to accept this condition and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Mr. Henry understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford him an opportunity to withdraw the plea, or if he persists in the guilty plea, will inform him that the final disposition may be less favorable to him than that contemplated by this agreement.

5. Mr. Henry agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Mr. Henry also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

6. Pursuant to 18 U.S.C. § 3663(c) the parties agree that the order of restitution imposed by the Court may be based upon the Court's finding as to the loss caused to the federal government and to the District of Columbia by any false claims submitted during the operation of Insight Therapeutic Services and that the maximum amount of restitution may not be more than $199,743. The parties may agree that Mr. Henry shall pay a specific amount less than $199,743 based on just the government's proffer of evidence.

7. As part of the plea and in addition to section 6, Mr. Henry agrees, on his own behalf, and for any entity on whose behalf he could assert a legal interest, to forfeit all interests in any asset that he currently owns, has previously owned, or over which he currently, or has in the past, exercised control, directly or indirectly, and any property he has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his criminal conduct relating to Health Care Fraud, including but not limited to the following specific property:

- a Porsche 911 with Vehicle Identification Number WPOCA299X1S650435;

- $9,000 in cash seized from 6101 16th Street, N.W., Apt. #609, Washington, D.C. on March 29, 2006; and

- ten United States Savings Bonds payable to Ricardo Henry, each in the face amount of $1,000 and bearing serial numbers 0003741367, 0003741368, 0003741369, 0003741370, 0003741371, 0003741372, 0003741373, 0003741374, 0003741375, and 0003741376.

Mr. Henry agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this Agreement.

Mr. Henry further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Mr. Henry agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Mr. Henry acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Mr. Henry further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Mr. Henry agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Mr. Henry acknowledges that all property enumerated above in this section is subject to forfeiture as proceeds of Health Care Fraud, property traceable to such proceeds, or substitute assets for property otherwise subject to forfeiture.

8. The government reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing all of its evidence with respect to Mr. Henry's criminal activities and any proceeding(s) before the Bureau of Prisons. In addition, Mr. Henry acknowledges that the government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. The government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

10. In exchange for his guilty plea, the government agrees 1) to recommend to the Court a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; 2) to dismiss after sentencing counts one and three through seventy-two of the Second Superseding Indictment;

3) not to bring charges regarding bankruptcy fraud based on financial disclosures made by Mr. Henry pursuant to this plea agreement or to the presentence report writer; 4) not to oppose Mr. Henry's release pending sentencing; 5) not to oppose Mr. Henry's voluntary surrender to commence serving any sentence which is imposed; and 6) not to oppose Mr. Henry's request for the Court to request incarceration at a particular federal facility, provided that Mr. Henry (a) cooperates with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperates fully and truthfully with the Court in any proceeding arising from this matter; (c) complies with the other provisions of this agreement; and (d) abides by the conditions set for his release by the Court. Also, subject to other sections in this agreement, the government will not bring any additional criminal charges against Mr. Henry in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for false statements relating to health care matters outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Henry does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and 23 D.C. Code § 1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Henry.

    11. Mr. Henry understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

    12. Mr. Henry agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Henry's release (<u>for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court) - the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct</u>; (b) Mr. Henry will not have the right to withdraw the guilty plea; (c) Mr. Henry shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the government will be free to use against Mr. Henry, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

    13. If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

14. Mr. Henry understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Henry.

15. No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Henry, Mr. Henry's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Henry may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Henry and his counsel.

Sincerely yours,

Jeffrey A. Taylor
UNITED STATES ATTORNEY

Glen Donath
Assistant United States Attorney

Thomas E. Zeno
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Kathleen Dolan, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in section one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea

agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: -12-12-06

_____
Ricardo Henry
Defendant

     I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement fully with my client. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 12-12-06

_____
Kathleen Anne Dolan, Esquire
Attorney for the Defendant