# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | Criminal No. 1:06-CR-00079-CKK |
| | : | |
| v. | : | |
| | : | |
| RICARDO HENRY, | : | |
| Defendant | : | |

## GOVERNMENT'S NOTICE SUPPORTING THE RULE 11(c)(1)(C) PLEA

The United States Attorney, by and through its attorney, the United States Attorney for

the District of Columbia respectfully submits this Notice Supporting the Rule 11(c)(1)(C) plea.

Although the Court has "absolute discretion" to accept pleas pursuant to Fed. R. Crim.

Pro. 11(c)(1)(C) under the decision in <u>United States v. Goodall</u>, 236 F.3d 700 (D.C. Cir.

2001)(citation and emphasis omitted), the government submits that the Court also is justified in

accepting the plea of guilty in this case because it satisfies Guideline §6B1.2(c)(1).[1]  The

government predicts that the guideline range for Count Two of the Indictment, to which the

defendant has pleaded guilty, will be 27 to 33 months.  Because the plea offer will cap the

_____

[1] Guideline § 6B1.2(c) provides:

   (c)  In the case of a plea agreement that includes a specific sentence
   [Rule 11(c)(1)(C)], the court may accept the agreement if the court
   is satisfied either that:

      (1) the agreed sentence is within the applicable guideline range; or

      (2) the agreed sentence departs from the applicable guideline range
      for justifiable reasons.

maximum sentence at 27 months under the terms of Fed. R. Crim. P. 11(c)(1)(C), the plea offer is justified because "the agreed sentence is within the applicable guideline range." § 6B1.2(c)(1).

In this case a conviction for Count Two will be calculated under the 2000 version of the Guidelines because the date of the offense was April 5, 2001.  Such a calculation is advantageous to the defendant because a conviction on a charge which occurred after November 1, 2001, should result in a guideline range of a least 46 to 57 months.  Nevertheless, accepting the defendant's guilty plea to Count Two is justified because a conviction for Count Two "adequately reflect[s] the seriousness of the actual offense behavior." § 6B1.2(a).[2]

It is an approved prosecution practice to allow a defendant to plead guilty to one of the lead counts of an Indictment which is covered by a previous guideline; and several good reasons support doing it in this case.  First, Count Two is one of the strongest counts in the Indictment and is representative of the defendant's conduct in the health care fraud scheme.  As the Court heard during the plea colloquy, Count Two involves a patient with whom the defendant met personally.  The defendant terminated the relationship in June 2000; yet he allowed the billing to continue, four times per month, through April 5, 2001.  Thus, the false statement relating to health care matters which is charged in Count Two adequately reflects the defendant's criminal conduct.  Second, because most of the defendant's conduct constituting health care fraud occurred prior to November 2001, it is justifiable to select a count of conviction which will be calculated under the 2000 Sentencing Guidelines.  Third, the defendant's false statements during

---

[2] Guideline § 6B1.2(a) provides, in pertinent part, that the Court may accept the dismissal of charges if "the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines."

the bankruptcy will be taken into account in computing his guideline range for Count Two pursuant to § 2F1.1(b)(4)(B) (2000 version). Fourth, although the defendant rejected a lower plea offer which was made pre-indictment, his plea at this point still will save considerable judicial and prosecution resources in preparing for and conducting a lengthy, document intensive trial. Fifth, under the terms of this plea offer, the defendant admits that the amount of loss is in excess of $350,000 for purposes of calculating the guideline range. This will save judicial and prosecution resources which would have been needed to resolve that issue at a contested sentencing hearing. Sixth, the plea allows the government to recoup up to $249,743 from the defendant. This amount will consist of restitution payable to Medicaid of $199,743, which is the maximum amount of restitution permitted under the plea offer, in addition to the approximately $50,000 worth of property which the defendant has agreed to forfeit. This recoupment corresponds to a readily provable amount of loss resulting from the health care fraud. Because

no money was paid as a result of the bankruptcy concealments, this recoupment reflects the seriousness of the defendant's conduct.

Respectfully submitted,

Jeffrey A. Taylor
Interim United States Attorney
D.C. Bar. 498610


/s/ Typed Attorney's Signature
BY:     THOMAS E. ZENO
        Assistant United States Attorney
        D.C. Bar. No. 348623
        Fraud & Public Corruption Section
        555 4th St., N.W.
        Washington, D.C. 20530
        (202) 514-6957


/s/ Typed Attorney's Signature
BY:     GLEN DONATH
        Assistant United States Attorney
        D.C. Bar No. 460582
        Fraud & Public Corruption Section
        555 4th St., N.W.
        Washington, D.C. 20530
        (202) 514-9555

4