**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **vs.** | : | **CRIMINAL NO. 06-079-CKK** |
| | : | |
| **RICARDO HENRY** | : | |
| | : | |
| **Defendant** | : | |

─────────────────────────────────────────────

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

      Defendant, Ricardo Henry, by undersigned counsel, respectfully submits the information below to aid the Court in sentencing him on his guilty plea to one count of  False Statements Relating to Healthcare Matters, 18 USC § 1035.  This memorandum addresses the issues of punishment, rehabilitation, restitution and public safety that the court faces in determining an appropriate sentence.

**I.  INTRODUCTION**

      Mr. Henry is a forty-seven year old college graduate, with a strong educational drive and an extraordinary amount of pride and belief in his work.  Mr. Henry was born in Jamaica and lived there until age 17, when his mother was able to bring him to the United States as a lawful permanent resident.  As a child he suffered from ill health and often experienced fatigue and serious leg pain.  In the 1960's in Jamaica health care was limited and of poor quality.  It was not until Mr. Henry moved to the United States that he was officially diagnosed with Sickle Cell Disease with Thalassemia Minor.  He now faces a limited life expectancy based on his illness.

Because of ill health during his childhood, Mr. Henry read voraciously and became interested in writing. He developed his poetry and prose writing skills, which in turn lead him to publish several books over the past fifteen years.  See Exhibit I, (Copies of cover, copyright page, some contents of 5 books).

The presentence report ("PSR") assesses Mr. Henry's sentencing exposure at twenty-seven (27) months to thirty-three (33) months in the custody of the Bureau of Prisons.  In this memorandum Mr. Henry contends that there are fair and just reasons for this Court to exercise its discretion and sentence him to twenty months.

## II.  ANALYSIS OF 18 U.S.C. § 3553(a) FACTORS FOR PROCEEDINGS

**The History and Characteristics of the Defendant**

According to the National Institutes of Health website, sickle cell anemia is a "serious disease in which the body makes abnormally shaped red blood cells...  These 'sickle cells' are hard and sticky and they don't move easily through blood vessels.  They tend to get stuck and block the flow of blood to the limbs and organs.  This can cause pain, organ damage, and a low blood count (anemia)."  See Ex. A (National Institutes of Health website and FAQ's, Mayo Clinic website).  The restricted blood flow throughout the body causes painful seizures, referred to as "crises."  *Id.*  Sufferers of sickle cell anemia have a more difficult time fighting other infections, because their spleens, an organ that helps fight infection, are damaged and do not function properly.  *Id.*  Even the common cold can be debilitating and pneumonia can be fatal, especially in children with sickle cell.  *Id.*

In 1986 Mr. Henry began seeing physicians in the Washington, D.C., area for treatment. See Ex. G (George Washington University Medical Center notes of 11/11/86 showing history and treatment for sickle cell disease). In the early 1990's Mr. Henry was experiencing as little as one major crisis a year, with lower-level symptoms more frequently. As the decade proceeded, however, his pain and doctor visits became more frequent. Sickle cell sufferers experience chronic pain that "can be hard to bear and mentally draining [and the] pain may severely limit daily activities. See Ex. A, p.4.

Since the late 1990's Mr. Henry's pain has increased again by spreading to his stomach and back. See Ex. C. Some of the causes for this are referred to in Mr. Henry's medical reports' findings of an enlarged spleen, damaged liver and bony changes consistent with sickle cell disease. See Ex. B (Providence Hospital Radiology Report); Ex. E (George Washington Hospital Department of Radiology report); Ex. H (Various laboratory reports and findings). The damage to his spleen dates to at least 1990, according to radiology test results from Providence Hospital that suggest splenomegaly, an enlargement of the spleen. See Ex. E, and Ex. F (Medline Plus Definitions). Other complications of sickle cell disease include: pain and swelling in the hands and feet; decreased blood in the retina causing eye problems; and stroke. See Ex. A, NIH, p.4, Mayo, p. 1-2).

Each episode or crisis is extremely painful. Often the pain has been so severe that Mr. Henry has been rushed to the hospital. When this occurs, Mr. Henry has been prescribed Oxycotin. See Ex. D. He takes it only when necessary, however, because of the disorientating feelings it can cause. In its stead, he regularly takes methadone to treat his now

**DEF'S MEM IN AID**
**OF SENTENCING – 3**                    **-3-**

daily stomach pain caused by the sickle cell disease.  See Ex. C.  He has over time been

prescribed and taken Percoset for the pain.  See Ex. C and D.

Although Mr. Henry has survived the illnesses that have afflicted him in the past, he

remains susceptible to infections and diseases.  In fact, his life expectancy is now to age 60,

up considerably from age 42, which it was in 1992 for men with Hb SS, his strain of sickle

cell disease.  See Ex. A, NIH FAQ, p. 4-5).   Thus, he faces a heavy psychological strain in

living with the disease in addition to the physical strain.

Mr. Henry's struggle with sickle cell anemia, the accompanying pain, and the resultant

suppressed depression have played a large part in his criminal behavior.  On one hand, Mr.

Henry is a person with strong will and pride, and resisted allowing the disease to impede his

aspirations.  On the other hand, it is a very debilitating disease, and his refusal to

acknowledge its limitations on him may have brought him to this point.  Ironically, given his

profession, he never sought mental health counseling to cope with these issues.  Clearly, such

treatment is called for now.  In fact, that recommendation stands out in the PSR, particularly

regarding his financial responsibility.

Mr. Henry's strong will and determination helped Mr. Henry succeed as a young adult

working full-time and going to school full-time.  He was able to earn an associates degree

from Montgomery County Community College where he also worked in the school's kitchen

washing dishes and in the maintenance department mowing grass.  When he matriculated at

Howard University for his Bachelors of Science, Mr. Henry worked security for three years at

The Watergate's residential facilities.  Until the instant case, his personal background was not one of seeking unjust enrichment.

### To Protect the Public from Further Crimes of the Defendant.

The instant offense is Mr. Henry's only encounter with law enforcement.  He has paid dearly for it and will continue to pay for his crimes long after he is incarcerated.  While he is paying restitution, he will be on supervised probation, thus assuring his compliance or his return to prison.   A sentence of twenty months is sufficient to reflect the seriousness of Mr. Henry's conduct.  He has now lost the organization he started; he has filed for bankruptcy and has no assets to speak of; he has lost his marriage of fifteen years.  Additional months in jail are not needed to have the appropriate deterrent effect on him.

### To Provide the Defendant with Needed Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.

Twenty months is more than an adequate period for him to begin the mental health treatment he needs.  It is a period that will provide him with time to reflect on his crimes and begin to address his own actions that lead to them.  Further treatment, however, can effectively be done while Mr. Henry is on  supervised probation.

### III.  APPLICATION OF *U.S. v. BOOKER* TO PROCEEDINGS

In *U.S. v. Booker*, 125 S.Ct. 738 (2005), the Supreme Court held that the federal sentencing guidelines are advisory only, and that the other factors set forth in 18 U.S.C. § 3553(a) must also be considered in fashioning an appropriate sentence.  *Booker* at 764.  In *Booker* the Court reaffirmed a judge's sentencing power thus: "We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory

range." *Booker* at 750. This memorandum addresses these factors as applied to Mr. Henry and the instant offense. Consistent with Mr. Henry's plea agreement, we do not present these factors are departures from the advisory guidelines range established in the Pre-Sentence Report.

### IV. CONCLUSION

Under the facts and arguments above, there exist significant reasons for this Court to exercise its discretion and grant Mr. Henry's request for consideration under all of the 18 U.S.C. § 3553(a) factors and sentence him to not more than twenty months.

Respectfully submitted,

/s/ Laura Kelsey Rhodes

DC Bar No. 423-338
Albright & Rhodes, LLC

200-A Monroe Street, Suite 305
Rockville, MD 20850
Phone: (301) 424-0094
Fax:    (301) 424-8732
lkrhodes@albrightrhodes.com
Counsel For Mr. Henry

/s/ Kathleen Anne Dolan

Kennedy & Dolan
8601 Georgia Avenue, Suite 910
Silver Spring, MD 20910
Phone: (301) 608-3000
Fax:    (301) 608-3007
Jfkdc@aol.com
Counsel For Mr. Henry

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **vs.** | **:** | **CRIMINAL NO. 06-079-CKK** |
| | **:** | |
| **RICARDO HENRY** | **:** | |
| | **:** | |
| **Defendant** | **:** | |

---

**DEFENDANT'S EXHIBIT LIST**

A.    National Institutes of Health website re: sickle cell disease: (www.nhlbi.nih.gov/health/dci/Diseases/Sca/SCA_All.html);

Mayo Clinic website re: sickle cell disease: (www.mayoclinic.com/print/sickle-cell-anemia/DS00324/DSECTION= all&METHOD=print);

NIH guide and sickle cell FAQ:  www.scinfo.org/faqdisease.htm

B.    Providence Hospital Radiology Reports diagnosing Mr. Henry with sickle cell disease (2/5/99);

C.    Letter of 4/3/07, from Dr. Peter B. Sherer, Mr. Henry's treating physician, with medical notes;

D.    Methadone and Oxycontin prescriptions by Dr. Peter B. Sherer (7/5/06); Percoset prescription by Dr. Blatt (6/24/97);

E.    George Washington Hospital Department of Radiology report (7/24/90) showing enlarged spleen ("suggestion of splenomegaly");

F.    Medline Plus Definitions for *Splenomegaly*, *Sickle Cell Anemia,* and *Thalassemia* (www.nlm.nih.gov/medlineplus);

G.    George Washington University Medical Center notes (11/11/86) showing history and treatment for sickle cell disease;

H.    George Washington University Medical Center Clinical Pathology Report (1/14/98) and Laboratory Research (11/21/86);
Providence Laboratory Associates Laboratory Test Results (6/1/98);
Dr. Roosevelt Brandy, Jr.'s medical notes (12/7/98) showing suggestion of "hemoglobinopathy or severe liver disease."

I.      Copies of book covers, copyright pages, and title pages from books authored by Mr. Henry.

J.      Confirmation via email from Virginia Reiter, Executive Director, of the American College of Certified Forensic Counselors of Mr. Henry's membership; Letter from Daniel S. Gugala, Director of Legal Services, of the International Association of Nonviolent Crisis Intervention Certified Instructors confirming Mr. Henry's past membership.

**DEF'S MEM IN AID**
**OF SENTENCING – 8**                    **-8-**